IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

DARRELL SMEDLEY,            )
                                    )
      Plaintiff,           )
                                    )
      v.                    )      CASE NO. 1:13-cv-304-WKW
                                    )
CITY OF OZARK,             )
                                    )
      Defendant.      )

**ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

In initiating this action, Plaintiff, proceeding *pro se*, filed a document styled as a Motion for Summary Judgment (Doc. 1) and a brief and affidavit in support (Doc. 2). Plaintiff cites to 42 U.S.C. § 1983 and challenges actions taken against him during a state court proceeding in the Municipal Court in Ozark, Alabama. The court construes these pleadings as Plaintiff's complaint in this matter. Accordingly, this matter is before the court on Plaintiff's Complaint, filed pursuant to 42 U.S.C. § 1983. On May 13, 2013, the District Judge referred this case to the undersigned Magistrate Judge "for all pretrial proceedings and entry of any orders or recommendations as may be appropriate." Order (Doc. 4).

As best the court can discern from Plaintiff's confusing, and at times illegible, twenty-nine page, handwritten pleading, Plaintiff names the City of Ozark, Alabama as defendant and alleges that "Defendant City of Ozark deprived him of [sic] right secured to him by the Constitution and that the deprivation occurred 'under color of state law,' action attribute by the Defendant City of Ozark. . . .   In short, Defendant City of Ozark is liable for

constitutional deprivation that result [sic] from its custom policies and practices."  Compl. (Doc. 2) at 13.  While Plaintiff names only the City of Ozark, Alabama as defendant, he also raises allegations against Judge William H. Filmore, Circuit Judge at the 33rd Judicial Circuit in Dale County, Alabama, and a probation officer by the name of "Lindsey."  Plaintiff alleges that Judge Filmore entered an order denying his motion for summary judgment and dismissing his case on April 15, 2013.  *See* Compl. (Doc. 2) at 10.  Plaintiff further alleges that during an administrative hearing taking place in the City of Ozark, Alabama on September 22, 2011, "Main actor Lin Lindsey displayed outrageous conduct and utterly intolerable [sic] in a civilized society."  *Id.* at 11.  Specifically, Plaintiff alleges that, at some point during the proceeding, Lindsey stated she wanted Plaintiff to pay twenty-five dollars, which resulted in Plaintiff having to pay court cost of $68.97 in monthly payments of $25.00. *Id.*

Because Plaintiff has filed an application to proceed *in forma pauperis*, *see* Doc. 3, the court is obligated to undertake review of his Complaint pursuant to the provisions of 28 U.S.C. § 1915(e).  Upon review of the pleadings filed in this case, the court concludes that dismissal of the complaint is appropriate under 28 U.S.C. § 1915(e)(2)(B).  The statute instructs the court to dismiss any action wherein it is determined that an *in forma pauperis* applicant's suit is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

2

Regardless of how Plaintiff frames the issues or who he names as defendants, it is clear that he is complaining about state court proceedings in the Municipal Court in Ozark, Alabama.  Thus, this court has no jurisdiction or right to grant relief under 42 U.S.C. § 1983. "[It] is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking". . . and, "[i]f the court finds that it does not have subject matter jurisdiction, the court's sole remaining act is to dismiss the case for lack of jurisdiction." *Guevara v. Republic of Peru*, 468 F.3d 1289, 1305 (11th Cir. 2006).  *See also Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001) ("[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." (citing *Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985))).

Under the *Rooker-Feldman* doctrine, "lower federal courts are precluded from exercising appellate jurisdiction of final state-court judgments." *Lance v. Dennis*, 546 U.S.

459, 463 (2006).[2]  The *Rooker-Feldman* doctrine applies to "'cases brought by state court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'"  *Id.* at 464 (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).  The United States Court of Appeals for the Eleventh Circuit has held that "[t]he doctrine applies not only to claims actually raised in the state court, but also to claims that were not raised in the state court but are 'inextricably intertwined' with the state court's judgment."  *Powell v. Powell*, 80 F.3d 464, 466 (11th Cir. 1996) (quoting *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983)).  A claim is inextricably intertwined if it would "effectively nullify" the state court judgment, or it "succeeds only to the extent that the state court wrongly decided the issues."  *Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1332-33 (11th Cir. 2001).  The *Rooker-Feldman* doctrine does not apply, however, where a party did not have a "reasonable opportunity to raise his federal claim in state proceedings."  *Powell*, 80 F.3d at 467 (internal quotation marks omitted).

The criteria for the *Rooker-Feldman* jurisdictional bar are satisfied in this case.  First, it is evident that Plaintiff was a state-court loser in the underlying state court proceedings as he clearly states that:  1) on September 22, 2011, he was ordered to pay $68.97 during an administrative hearing; and 2) on April 15, 2013, Judge Filmore entered an order denying

---

[2]  Review of final judgments of state court judicial proceedings is reserved for the Supreme Court of the United States.  *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Siegel v. LePore*, 234 F.3d 1163 (11th Cir. 2000); 28 U.S.C. § 1257.

him summary judgment and dismissing his case.  *See* Compl. (Doc. 2) at 10-11.  Second, Plaintiff's alleged injuries–the dismissal of his case and the $68.97 payment–both resulted from proceedings held in municipal court.  Plaintiff filed suit in this court on May 6, 2013. Thus, the underlying state court decisions about which he complains occurred before Plaintiff commenced the present federal lawsuit in this court.

Third, Plaintiff's claims are clearly "inextricably intertwined" with the state court's decision.  Plaintiff's alleged injuries stem from the underlying state court proceedings.  While Plaintiff frames his complaint in terms of alleged constitutional violations, Plaintiff essentially challenges the validity of the state court's decisions entered against him. Plaintiff's claims are inextricably intertwined with the state court orders and/or decisions entered against him because Plaintiff's federal claims would either (1) "effectively nullify" the state court judgment, or (2) succeed "only to the extent that the state court wrongly decided the issues," *see Goodman*, 259 F.3d at 1332; *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009) (per curiam), and, thus, this court is barred from exercising jurisdiction under *Rooker-Feldman* doctrine.[3]

---

[3] It does not matter that Plaintiff's instant action alleges civil rights or constitutional violations because "[a] section 1983 action is neither an alternative nor a complement to the appeal of a state trial court decision to a higher state court." *Rolleston v. Eldridge*, 848 F.2d 163, 165 (11th Cir. 1988).  "United States district courts 'do not have jurisdiction . . . over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional.'" *Id.* (quoting *Feldman*, 460 U.S. at 486).  *See also Dupree v. City of Phenix City*, 2011 WL 6778799, at *4 (M.D. Ala. Oct. 20, 2011) ("A federal court has no jurisdiction or right to grant relief under 42 U.S.C. § 1983 with respect to challenges of state court decisions in particular cases arising out of state judicial proceedings even if those challenges allege that the state court's action was unconstitutional."  (citing *Datz v. Kilgore*, 51 F.3d 252 (11th Cir. 1995))).

Finally, Plaintiff must pursue any claims regarding the constitutionality of the orders entered by the Municipal Court of Ozark through the state court system.  The law does not subject a court, a judge, or a municipality to suit by unsuccessful litigants.  Thus, Plaintiff's dispute with the rulings of Judge Filmore, or any other state court rulings, does not state a cognizable federal claim.  In this case, Plaintiff had a "reasonable opportunity to raise his federal claim[s] in state proceedings" to challenge the state court decisions.  Indeed, Plaintiff states he did in fact seek some form of appellate review of the decisions about which he complains.[4]  Regardless, "[i]t is immaterial whether Plaintiff actually raised his constitutional claims in the state court proceedings. What matters is whether the plaintiff had a 'reasonable opportunity' to do so." *Wall v. Wall*, 2009 WL 3110208, at *2 (M.D. Ala. Sept. 24, 2009). Plaintiff would not have been precluded from asserting constitutional claims in the trial court or on appeal.  Thus, Plaintiff did have a "reasonable opportunity" to raise his federal claims in the state court proceedings.  Accordingly, to the extent there was a final judgment in this case, the *Rooker-Feldman* jurisdictional bar applies and this court cannot exercise jurisdiction over Plaintiff's claims.

To the extent Plaintiff's pleadings can be liberally construed as naming Circuit Judge William H. Filmore as a defendant, because any claims alleged against Judge Filmore clearly

---

[4]  Plaintiff states that he has exhausted state remedies.  *See* Compl. (Doc. 2) at 10.  However, assuming Plaintiff did seek relief at the state court level and exhausted the state court remedies available to him, the only available federal court remedy to him would be to seek federal review with the United States Supreme Court, not filing suit in this federal district court.  It is well-settled law that under the *Rooker-Feldman* doctrine "federal courts, other than the United States Supreme Court, have no authority to review the final judgments of state courts." *Goodman v. Sipos*, 259 F.3d 1327, 1332 (11th Cir. 2001). *See also supra* note 2.

implicate acts taken in his judicial capacity, he is entitled to absolute judicial immunity. "Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all justification,'" *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) and *Simmons v. Conger*, 86 F.3d 1080, 1084-85 (11th Cir. 1996)). "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Id.* at 356.

The court also notes that the instant action is simply Plaintiff's latest attempt to challenge the orders and decisions entered in the Municipal Court of Ozark by suing the city of Ozark, Alabama. *See, e.g.,* Civil Case No. 1:10cv678-MEF-TFM; 1:11cv954-MHT-CSC; 1:12cv116-WKW-SRW.

For the foregoing reasons, it is the RECOMMENDATION of the undersigned Magistrate Judge that Plaintiff's Section 1983 claims be DISMISSED pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(ii).  It is further

ORDERED that Plaintiff's Motion to Proceed *in forma pauperis* (Doc. 3) is GRANTED.  However, service of process is STAYED pending a review pursuant to 28 U.S.C. § 1915.

It is further

ORDERED that on or before **June 18, 2013**, the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the

7

Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 4th day of June, 2013.


/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE

8